1 Mary E. McAlister
2 California Bar Number 148570
3 Liberty Counsel
4 P.O. Box 11108
5 Lynchburg, VA 24506
6 (434) 592-7000 (telephone)
7 (434) 592-7700 (facsimile)
8 court@lc.org Email
9 Attorney for Plaintiffs
10
11                    UNITED STATES DISTRICT COURT
12                    EASTERN DISTRICT OF CALIFORNIA
13                         SACRAMENTO DIVISION
14
15 DAVID PICKUP, CHRISTOPHER H.
16 ROSIK, PH.D., JOSEPH NICOLOSI, PH.D,
17 ROBERT VAZZO, NATIONAL ASSOCIATION FOR
18 RESEARCH AND THERAPY OF HOMOSEXUALITY
19 (NARTH), AMERICAN ASSOCIATION OF CHRISTIAN
20 COUNSELORS (AACC), JOHN DOE 1, by and through JACK
21 AND JANE DOE 1, JACK DOE 1, individually, and
22 JANE DOE 1, individually,
23 JOHN DOE 2, by and through JACK
24 AND JANE DOE 2, JACK DOE 2, individually, and
25 JANE DOE 2, individually
26
27
28                                              Case No.:_____
29          Plaintiffs
30     v.
31
32 EDMUND G. BROWN, Jr. Governor of the State
33 of California, *in his official capacity*, ANNA
34 M. CABALLERO, Secretary of the California
35 State and Consumer Services Agency, *in her*
36 *official capacity*, KIM MADSEN, Executive
37 Officer of the California Board of Behavioral
38 Sciences, *in her official capacity*, MICHAEL
39 ERICKSON, PH.D, President of the California
40 Board of Psychology, *in his official capacity*; SHARON
41 LEVINE, President of the Medical Board of California,
42 *in her official capacity*.
43
44          Defendants.

45

**DECLARATION OF DR. CHRISTOPHER ROSIK**                        1

I, Dr. Christopher Rosik, hereby declare as follows:

1.      I am over the age of 18 and am one of the Plaintiffs in this action. The statements in this Declaration are true and correct and if called upon to testify to them I would and could do so competently.

2.      I am submitting this Declaration in support of Plaintiffs' Motion for a Preliminary Injunction.

3.      I am a Phi Beta Kappa graduate of the University of Oregon's honors college and graduated with a Bachelor of Arts in Psychology in 1980. I also studied one semester at the University of Copenhagen, Denmark while completing my undergraduate work. I received a Master of Arts in Theological Studies from the Fuller Graduate School of Psychology, Fuller Theological Seminary in 1984. I received a Doctor of Philosophy degree in Clinical Psychology from the Fuller Graduate School of Psychology, Fuller Theological Seminary in 1986. I am a clinical psychologist licensed by the State of California and have been so licensed since 1988.

4.      My practice is located at the Link Care Center, which is a religious, non-profit foundation in Fresno, California. Link Care Center employs a staff of twelve clinicians, which include psychologists, marriage and family therapists, a social worker, and an intern, and it also employs two pastoral counselors. The majority of Link Care Center's clients come to the facility because of its Christian identity and their trust that their Christian values and beliefs will be respected in treatment.

5.      Link Care Center has an intensive outpatient psychotherapy program that serves clergy from around the country and Protestant ministries from around the world. I served as the Clinical Director of Link Care's Counseling Center from 1996-1999.

1    6.              Since 2001, I have also been on the clinical faculty of Fresno Pacific University, and I

2    teach a psychology research practicum every year. I have published over 40 articles and book

3    chapters in peer reviewed journals, many of them on the subject of homosexuality. I am a

4 member of the American Psychological Association and have been a member in good standing

5    since 1984; a member of the International Society for the Study of Trauma and Dissociation and

6 have been a member in good standing since 1992; a member and former-President and board

7    member of the Christian Association of Psychological Studies, Western Region; and am the

8    current President of the National Association for Research and Therapy of Homosexuality

9 ("NARTH").

10    7.              My practice at the Link Care Center is comprised of approximately 25-30 clients per

11    week, and approximately 5-10 percent of that group involves clients who are dealing with same-

12    sex attraction issues. Of the 5-10 percent that make up my same-sex attraction clients,

13    approximately half are minors. My first step in the process of treatment for those minor clients

14    with same-sex attractions is to figure out what the patient and the parents are hoping to achieve

15    with therapy. The majority of children that come to my office dealing with same-sex attractions

16    are not interested in sexual orientation change efforts ("SOCE") counseling.

17    8.              When a minor patient does not want to engage in SOCE counseling, my treatment focus

18    often shifts to helping the parents understand the child's thinking, providing psychoeducation

19    about homosexuality among youth, and working within the parents' religious beliefs to help

20    them love and support their child. Helping parents love their child while valuing their own

21    typically conservative religious faith is key intervention I believe unique to therapists like me

22    who would be subject to SB 1172.

DECLARATION OF DR. CHRISTOPHER ROSIK                    3

9.      When both the minor client and the parents want SOCE counseling, then I engage in what I call advanced informed consent, which documents the controversies surrounding SOCE, explains my therapeutic approach, explains possible contributing factors to the same-sex attractions, and explains options for therapy. My practice of obtaining this advanced informed consent satisfies the ethical requirements that I provide all of the information that is reasonable for the client to make an informed decision concerning their individual course of treatment and that facilitates the autonomous client decision-making process.

10.      SB 1172 would cause me to violate Section 3.10 of the American Psychological Association's Ethics Code ("APA Code") because SB 1172 would require that I not even discuss SOCE counseling and where someone could obtain such counseling. Compliance with SB 1172 will force me to violate Section 3.10 of the APA Code and probably also infringe General Ethical Principle E of the APA Code that I allow the patient the freedom to make a self-determined choice concerning his therapy. Failure to comply with SB 1172 will itself subject me to possible disciplinary action.

11.      Because of this impossible Catch-22, SB 1172 is certain to cause irreparable harm to my practice by putting my professional license in jeopardy without providing any clear understanding of how to comply with all of the requirements of the counseling profession.

12.      SB 1172 will also cause me to violate Section 3.06 of the APA Code by causing me to enter into a relationship where my objectivity is called into question especially since SB 1172 mandates that only one ideology _____ i.e., the government's ideology concerning SOCE—be shared in the counselor's office.

13.      SB 1172 improperly interferes with client autonomy. For those who desire SOCE counseling for their unwanted same-sex attractions, implementation of SB 1172 will cause

1    immediate and irreparable harm by precluding them from accessing helpful therapy that the

2    client desires.

3    33.                  I declare under penalty of perjury under the laws of the United States and the State of

4    California that the foregoing statements are true and accurate.

5

6                  Executed this 2nd day of October, 2012.

7

8
9                                                          Christopher Rosik