IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PICKUP, CHRISTOPHER H. ROSIK, PH.D., JOSEPH NICOLOSI, PH.D., ROBERT VAZZO, NATIONAL ASSOCIATION FOR RESEARCH AND THERAPY OF HOMOSEXUALITY, AMERICAN ASSOCIATION OF CHRISTIAN COUNSELORS, JOHN DOE 1, by and through JACK AND JANE DOE 1, JACK DOE 1, individually, and JANE DOE 1, individually, JOHN DOE 2, by and through JACK AND JANE DOE 2, JACK DOE 2, individually, and JANE DOE 2, individually | |
| Plaintiffs, | No. CIV S-12-2497 KJM-EFB |
| vs. | |
| EDMUND G. BROWN, Jr., Governor of the State of California, *in his official capacity*; ANNA M. CABALLERO, Secretary of the State and Consumer Services Agency of the State of California, *in her official capacity*, KIM MADSEN, Executive Officer of the California Board of Behavioral Sciences, *in her official capacity*; MICHAEL ERICKSON, PH.D., President of the California Board of Psychology, *in his official capacity*; SHARON LEVINE, President of the Medical Board of California, *in her official capacity.* | |
| Defendants. | ORDER |

1

Plaintiffs have moved for the court to appoint Jack and Jane Does 1 and 2 as guardians ad litem for their minor children John Does 1 and 2. (ECF 40.) The State defendants have filed a response (ECF 59), and plaintiffs a reply (ECF 68). Plaintiffs also have filed a motion to proceed using a pseudonym and for a protective order, which is unopposed. (ECF 5, 49.) For the reasons discussed below, the court GRANTS plaintiffs' requests.

I. Guardians Ad Litem

Federal Rule of Civil Procedure 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

When the court determines that the interests of a minor or incompetent person are adequately protected, an appointment under Rule 17(c)(2) is not necessarily required. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986); *M.S. v. Wermers*, 557 F.2d 170, 174 (8th Cir. 1977). For example, no guardian ad litem was necessary in a case where a minor plaintiff "assert[ed] her own statutory and constitutional rights independent of her parents, . . . . [did] not seek monetary relief but raise[d] statutory and constitutional claims aimed at declaratory and injunctive relief, . . . . [and was] represented by able and experienced counsel." *T.H. v. Jones*, 425 F. Supp. 873, 877 (D. Utah 1975). *See also Jacobs v. Board of Sch. Com'rs*, 490 F.2d 601, 604 (7th Cir. 1973), *vacated on other grounds by Board of Sch. Com'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128 (1975) (determining that district court did not abuse its discretion by refusing to appoint guardian ad litem after considering that suit was based on constitutional issues and did not demand significant monetary recovery).

/////

/////

/////

1   At the same time, with reference to Rule 17, this court's Local Rules provide:

2   Upon commencement of an action or upon initial appearance in
    defense of an action by or on behalf of a minor or incompetent
3   person, the attorney representing the minor or incompetent person
    shall present (1) appropriate evidence of the appointment of a
4   representative for the minor or incompetent person under state law
    or (2) a motion for the appointment of a guardian ad litem by the
5   Court. See Fed. R. Civ. P. 17(c).

6   L.R. 202(a).

7   As plaintiffs have expressly requested the appointment of guardians ad litem for John Does 1 and 2, the court considers the plaintiffs' request without considering whether the interests of John Does 1 and 2 are otherwise protected. *See M.S.*, 557 F.2d at 174 (no authority for proposition that district court's appointment of a guardian ad litem was determined to be an abuse of discretion).

12   The appropriate choice for a child's guardian ad litem is typically his or her parent. *See Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001); *Gonzalez v. Reno,* 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000). However, courts should not appoint parents as guardians ad litem when there is a conflict between the interests of the minor children and those of the parents. *Compare M.S.*, 557 F.2d at 175 (parents were inappropriate guardians ad litem as minor plaintiff filed suit challenging law requiring parental consent for access to contraceptives) *with Phelan v. Brentwood Union Sch. Dist.*, No. C 12-00465 LB, 2012 WL 909294, at *2 (N.D. Cal. 2012) (no apparent conflict of interest based on father and son's Fourth and Fourteenth amendment claims against son's school and teacher from injuries son suffered at school).

22   Defendants have not asserted it is unnecessary for the court to appoint guardians ad litem for John Does 1 and 2, but have pointed out the court's duty to consider whether a conflict may exist between the children's interests and those of their parents. For example, defendants say, John Does 1 and 2 may not understand the risks of sexual orientation change efforts ("SOCE"), may be submitting themselves to therapy to avoid displeasing their families,

3

and may not be aware that other therapy options exist. (Defs.' Resp. to Pls.' Mot. to Appoint Parents as Guardians Ad Litem, ECF 59.) On the record before it, the court does not find a conflict between the interests of John Does 1 and 2 on the one hand, and those of their parents Jack and Jane Does 1 and 2 on the other hand, such that Jack and Jane Does 1 and 2 are unsuitable guardians ad litem. Plaintiffs' complaint alleges that the challenged statute, SB 1172, interferes with Jack and Jane Does 1 and 2's constitutional rights by preventing them from seeking SOCE for their children and burdens John Does 1 and 2's constitutional rights by preventing them from receiving SOCE. (ECF 1.) John Doe 1 has provided the court with an affidavit explaining his desire to continue SOCE. (ECF 28-9.) His parents have also provided affidavits. (ECF 28-5, 28-7.) Although John Doe 2 has not provided his own affidavit, Jack and Jane Doe 2 have provided affidavits indicating that John Doe 2 has expressed interest in SOCE and wishes to continue with the treatment. (ECF 28-6, 28-8.) The absence of an affidavit from John Doe 2 does not by itself raise a doubt regarding the allegations made in plaintiffs' complaint, subject to Federal Rule of Civil Procedure 11, that John Doe 2 wishes to challenge SB 1172 on the same grounds as John Doe 1. On the record before it, the court finds no conflict of interest that prevents Jack and Jane Does 1 and 2 from being appointed as guardians ad litem for their children.

II. <u>Protective Order</u>

Given defendants' nonopposition and the privacy interests of the minor plaintiffs and their parents, the court grants the motion for a protective order as set forth below.

Accordingly, IT IS HEREBY ORDERED:

1. The court GRANTS plaintiffs' request (ECF 40) to appoint Jack and Jane Does 1 and 2 as guardians ad litem for John Does 1 and 2, respectively.

/////
/////
/////

2. The court also GRANTS plaintiffs' unopposed motion (ECF 5) to proceed using a pseudonym and for a protective order, as follows:

    a. Plaintiffs shall be permitted to proceed in this action using the pseudonyms John Doe 1, Jack Doe 1, Jane Doe 1, John Doe 2, Jack Doe 2, and Jane Doe 2. The parties shall use the pseudonyms when referring to plaintiffs in all pleadings, papers, hearings in open court, and other statements and documents that are part of the public record.

    b. If the plaintiffs' identities, addresses, or other identifying information are disclosed in any deposition, responses to interrogatories, or other discovery documents, then the party providing the information shall identify it as confidential. Pages in the documents, which contain the plaintiffs' identities or identifying information shall be labeled, "CONFIDENTIAL," and those pages shall be separately bound into a document marked "CONFIDENTIAL."

    c. Before filing any pleadings or documents that contain the plaintiffs' identities, addresses, or other identifying information, the filing party shall seek sealing or redaction of the pleadings or documents as provided for in this court's Local Rules. *See* L.R. 140, 141.

DATED: November 21, 2012.

                                            UNITED STATES DISTRICT JUDGE