IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID H. PICKUP, et al.,

    Plaintiffs,                              No. 2:12-CV-02497-KJM-EFB

    vs.

EDMUND G. BROWN, et al.,               <u>ORDER</u>

    Defendants.

_____/

        Equality California (EQCA) is "a membership and advocacy organization working towards equality for and acceptance of California Lesbian, Gay, Bisexual and Transgender ("LGBT") people, including LGBT youth and their families." It was a primary sponsor of the legislation challenged in this action, SB 1172. (ECF 24-1 at 6.) EQCA has requested intervention as of right under Federal Rule of Civil Procedure 24(a), or in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(b). (ECF 24.) Plaintiffs oppose EQCA's motion. (ECF 56.) EQCA represents that the state Defendants do not oppose. (ECF 24 at 2.) For the reasons set forth below, the court GRANTS EQCA's alternative request for permissive intervention.

/////

I. INTERVENTION AS OF RIGHT

A. Standard

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The court applies a four-part test to determine whether intervention of right is proper under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).[1]  Rule 24(a) is construed "liberally in favor of potential intervenors." *Id.* at 818.  As plaintiffs do not dispute that EQCA's motion was timely (ECF 56 at 8), the court considers only the last three prongs of the *Berg* test.

B. Application

1. Significantly Protectable Interest

EQCA asserts that it has a significantly protectable interest in plaintiffs' challenge to SB 1172 because it sponsored and lobbied for the bill prior to its passage.  (ECF 24-1 at 11.)  A "public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Bates v. Jones*, 127 F.3d 870, 874 (9th Cir. 1997)

---

[1] At the hearing on November 30, 2012, plaintiffs suggested for the first time that the court should consider whether EQCA has standing.  While acknowledging that some circuits require that intervenors satisfy standing requirements, the Ninth Circuit has not yet incorporated this factor into its test for intervention as of right. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 n.2 (9th Cir. 2009).

2

(quoting *Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995)). Plaintiffs argue that EQCA's position is distinct from that of other public interest groups who have been granted leave to intervene as of right under this principle, because SB 1172 was not a voter-approved initiative. (ECF 56 at 9-10.) EQCA does cite one case of a supporter of a voter-approved initiative being granted leave to intervene as of right. *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). But in *Idaho Farm Bureau Federation*, 58 F.3d at 1397-98, the Ninth Circuit approved the district court's granting of conservation groups' motion to intervene as defendants under Rule 24(a) because the conservation groups had participated not in a voter-approved initiative, but in the administrative process leading to the agency action challenged in the case. Plaintiffs argue that *Idaho Farm Bureau Federation* is distinguishable because the conservation groups and the defendant agency in that case had "somewhat opposing" viewpoints, contending that is not the case here. (ECF 56 at 11.) The issue of whether EQCA and the defendants in this case have different viewpoints is relevant to "adequate representation," however, not the protectable interest prong. *See Idaho Farm Bureau Fed'n*, 58 F.3d at 1398. At least one other court has allowed a party to intervene in an action challenging a statute based on the party's support of the enacting legislation. *Tucson Women's Ctr. v. Ariz. Med. Bd.*, No. CV-09-1909-PHX-DGC, 2009 WL 4438933, at *3-4 (D. Ariz. Nov. 24, 2009) (allowing public interest group who had testified before legislative committee to intervene in challenge to legislation). EQCA's sponsorship of SB 1172 is sufficient to show it has a protectable interest in this case.

          2.      Impairment of Interest

The third prong of the *Berg* test requires that resolution of the action may practically impair the proposed intervenor's ability to protect its interest. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). In *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983), a conservation group's interests "in the preservation of birds and their habitats" could have been impaired by a decision in a case challenging the federal

3

government's establishment of a conservation area. Similarly, EQCA's interests would be impaired by a ruling that SB 1172 is unconstitutional because it would undercut EQCA's mission of protecting LGBT youth from harmful therapies. (*See* ECF 24-1 at 13.)

### 3. Inadequate Representation

Proposed intervenors generally have a low burden to show that their interests are inadequately represented, as required by the fourth prong of the *Berg* test. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Courts consider the following three factors in deciding whether the burden is met: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Id.* There is a presumption that an existing party to an action adequately represents the proposed intervenor's interest when both share the same ultimate objective. *Id.*

In particular, unless there is a "very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (internal citation and quotation omitted). If the proposed intervenor argues that its interpretation of a contested statute differs from that of the government, "the proposed intervenor must demonstrate a likelihood that the government will abandon or concede a potentially meritorious reading of the statute." *Lockyer,* 450 F.3d at 444. The proposed intervenor in *Lockyer* satisfied this requirement because the government actually had advocated a narrow interpretation of the challenged statute in its brief, which contradicted the broad interpretation supported by the proposed intervenors. *Id.* In *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 842 (9th Cir. 2011), on the other hand, the court rejected the motion to

intervene of a party who had argued the federal defendants might press a narrowing interpretation of the statute they were defending, based on the government's policy of "construing a statute so as to avoid constitutional doubt" (internal citation removed). The court explained there was no indication the federal government planned to make the narrowing argument or that it was even a useful argument. *Id.*

EQCA asserts that intervention as of right is proper because the state may argue for a narrow interpretation of SB 1172 to protect the state from potential liability arising from state employees' potential violation of the statute by engaging in SOCE. (ECF 24-1 at 15-16; ECF 72 at 9.) To support this contention, EQCA requests judicial notice of a certified transcript from a hearing in a separate challenge to SB 1172, in which state defendants and EQCA disagree as to whether state employees could be liable under SB 1172. *See Welch v. Brown*, No. 2:12-CV-02484-WBS-KJN (E.D. Cal. filed Oct. 1, 2012) (ECF 73, Ex. A at 13:17-14:14, 19:22-21:18.) A court of course may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Transcripts from other court proceedings are proper subjects of judicial notice. FED. R. EVID. 201; *see United States v. So. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). The court takes judicial notice of the hearing transcript in the *Welch* case.

In addition, EQCA has submitted a declaration of Shannan Wilber, a California attorney who specializes in representing minors, which recounts an encounter between 1992 and 2001 with a male youth in California Youth Authority custody "required . . . to undergo sex offender treatment, under which he was required to admit to being a sexual predator and pedophile" as a consequence of admitting to consensual sex with other minor males. (ECF 24-4 ¶¶ 1-2.) Wilber also reports since 2001, while conducting research, becoming "aware of minors who have undergone sexual orientation change efforts administered by mental health providers employed by the State of California, including mental health providers employed by local child

welfare and juvenile justice agencies." (*Id.* ¶ 3.) It is possible the state will argue that the past incidents Wilber cites are not SOCE or do not expose the state to liability. However, EQCA has not explained how the potential exposure of state employees for engaging in SOCE has affected or is likely to affect the state's position that SB 1172 is constitutional on its face. The state has not actually argued before this court for a narrower construction of the statute to limit its employees' liability. EQCA has not shown for this reason before this court that it will not be adequately represented by the state in this proceeding.

        Second, EQCA argues the state defendants are unlikely to argue that California's own history of discrimination against its lesbian, gays, bisexual and transgender citizens and past sanctioning of SOCE is a significant reason that SB 1172 is needed, although EQCA believes this is a necessary argument to respond to plaintiffs' contentions that preexisting ethical standards are sufficient to prevent SOCE practitioners from harming their minor patients. (ECF 24-1 at 18.) The state has not made this argument and there is no indication in its briefs that it will. Regardless, differences in strategy are not enough to allow intervention as of right. *United States v. City of Los Angeles*, 288 F.3d 391, 402-03 (9th Cir. 2002). A strategic difference includes when an existing party does not make a particular argument that the proposed intervenor wishes to make. *See Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) ("Of course, the use of different arguments as a matter of litigation judgment is not inadequate representation *per se*") (quoted with approval in *Perry*, 587 F.3d at 954-55); *Idaho Bldg. and Constr. Trades Council, AFL-CIO v. Wasden*, No. 1:11-CV-00253-BLW, 2011 WL 5154286, at *3 (D. Idaho Oct. 28, 2011) ("[S]imply because [proposed intervenor] would make slightly different arguments from the Attorney General does not amount to a "compelling showing" of inadequacy, or that it offers a "necessary element" to the litigation."). EQCA has not shown that it may intervene as of right.

/////

/////

6

## II. PERMISSIVE INTERVENTION

Under Federal Rule of Civil Procedure 24(b), the court may allow intervention of a party who has made a timely motion and "has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." In the Ninth Circuit, "permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion*, 644 F.3d at 843 (internal quotation and citations omitted).

As noted, plaintiffs concede EQCA timely filed its motion to intervene, and also concede it has satisfied any jurisdictional requirements. (ECF 56 at 18). Plaintiffs argue the court should not allow EQCA to intervene because the current defendants already represent the same interests and EQCA's participation is therefore unnecessary. (ECF 56 at 19-21.) Plaintiffs present no authority for the proposition that the similarity between EQCA's position and the state defendants' position weighs against permissive intervention. To the contrary, the shared interests of EQCA and the state defendants support EQCA's argument that it shares a common question of law with the current action because it plans to defend the constitutionality of SB 1172, the subject of the dispute between plaintiffs and the state defendants. (ECF 24-1 at 20.) EQCA's defense shares a common question of law with the current action.

Plaintiffs also assert that allowing EQCA to intervene would cause undue delay and prejudice the resolution of their claims because EQCA's arguments regarding the history and effectiveness of SOCE are irrelevant to plaintiffs' constitutional claims.[2] (ECF 56 at 21-22.) As explained in its brief, EQCA anticipates providing information on SOCE that relates to the

---

[2] As EQCA sets forth the arguments it plans to make as intervenors in its brief (ECF 24-1 at 21), the court need not reach EQCA's request for judicial notice of its declarations showing its purported expertise in SOCE.

7

constitutional issues in the case going forward; allowing it to do so will not delay the proceedings. Plaintiffs' own arguments are based in part on its assertions that SOCE is effective and safe. (ECF 60 at 5-6.) EQCA will provide a helpful, alternative viewpoint from the vantage of some persons who have undergone SOCE treatment or are potential patients of treatment that will aid the court in resolving plaintiffs' claims fully and fairly.

Accordingly, the court GRANTS EQCA's motion for permissive intervention under Federal Rule of Civil Procedure 24(b).

DATED: December 4, 2012.

_____
UNITED STATES DISTRICT JUDGE