IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID H. PICKUP, et al.,

      Plaintiffs,                        No. 2:12-cv-02497-KJM-EFB

     vs.

EDMUND G. BROWN, et al.,            <u>ORDER</u>

      Defendants.

_____/

      This court issued an order on December 4, 2012, denying plaintiffs' motion for a preliminary injunction that would have prevented California Senate Bill 1172 from taking effect. (ECF 80.) Plaintiffs have appealed the order. (ECF 82.) The Ninth Circuit Court of Appeals has scheduled the appeal for hearing during the week of April 15, 2013. (COA Dkt. #12-17681, ECF 21.) Plaintiffs, defendants and defendant-intervenors now jointly request a stay of district court proceedings pending resolution of the appeal. (ECF 96.)

      "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or

1

complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court must also consider the length of the proposed stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The circumstances here warrant a stay, even though it is uncertain when the appeal of the preliminary injunction will be resolved.  The Ninth Circuit has specified that stays of indefinite length are generally disfavored. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066-67 (9th Cir. 2007); *see also Yong*, 208 F.3d at 1120-21.  In *Yong*, for instance, the district court had stayed a habeas petition proceeding pending resolution of the appeal of a separate case addressing the same issues as the petition. 208 F.3d at 1117.  In vacating the stay, the Ninth Circuit explained that the indefinite length of the stay worked against the district court's obligation to provide expeditious resolution of habeas petitions and inflicted a substantial burden on the petitioner, outweighing the district court's interests in judicial economy. *Id.* at 1119-20.  Here, however, there is no indication that a stay pending resolution of the preliminary injunction appeal would harm any of the parties, especially because they have jointly requested the stay.  Moreover, because the preliminary injunction appeal will resolve issues related to the constitutionality of SB 1172 that this court will need to address in order to move forward, it will achieve efficiencies to await the outcome of the Ninth Circuit proceedings.

The parties' request is GRANTED.

DATED: January 29, 2013.

_____
UNITED STATES DISTRICT JUDGE

2