UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PICKUP, et al., | No. 2:12-cv-02497-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, et al. | |
| Defendant and | |
| EQUALITY CALIFORNIA, | |
| Defendant-Intervenor. | |

On October 4, 2012, plaintiffs filed their complaint seeking declaratory relief, preliminary and permanent injunctive relief, and damages arising from California's passage of Senate Bill No. 1172 ("SB1172"). (ECF No. 1.) On November 20, 2014, defendants filed a motion to dismiss the claims remaining after the Ninth Circuit's decision in *Pickup v. Brown*, 740 F.3d 1208 (9th Cir.), *cert. denied*, ___ U.S. ___, 134 S. Ct. 2871 (2014). (ECF No. 123.) On September 16, 2015, the court granted defendants' motion to dismiss plaintiffs' complaint with leave to amend. *Id.* Plaintiffs' current deadline to file an amended complaint was October 7, 2015. Plaintiffs filed a timely stipulation seeking an extension of twenty-one (21) days, to and including October 28, 2015. (ECF No. 124.)

1

A pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet the order's deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When a party requests changes to the scheduling order, the court's inquiry focuses on that party's honest attempt to comply; the party must demonstrate his "diligence," the common antonym for carelessness, questionable strategy, and delay. *See, e.g., Calderon v. Target Corp.*, No. 12–1781, 2013 WL 4401430, at *7 (S.D. Cal. Aug.15, 2013); *Alibaba.com H.K. Ltd. v. P.S. Prods.*, 2012 U.S. Dist. LEXIS 36749, at *5–6 (N.D. Cal. Mar. 19, 2012); *Eckert Cold Storage, Inc. v. Behl*, 943 F.Supp. 1230, 1233 (E.D. Cal. 1996). Prejudice to another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at 609. The court's decision is one of discretion. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

The court GRANTS the request nun pro tunc, but cautions counsel that any further requests for extensions of time will not be granted absent a showing of good cause. Good cause is generally not established by showing preoccupation with other matters or a busy schedule. *Dunfee v. Truman Capital Advisors, LP*, No. 12–1925, 2013 WL 5603258, at *4 (S.D. Cal. Oct. 11, 2013).

IT IS SO ORDERED.

DATED: October 16, 2015

_____
UNITED STATES DISTRICT JUDGE