Mary E. McAlister
CBN 148570
LIBERTY COUNSEL
P.O. Box 11108
Lynchburg, VA 24506
Phone: (407) 875-1776
Facsimile: (407) 875-0770
Email: court@LC.org
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
Sacramento Division

DAVID PICKUP, *individually and on behalf of his patients*; CHRISTOPHER H. ROSIK, PH.D., *individually and on behalf of his patients*; JOSEPH NICOLOSI, PH.D., *individually and on behalf of his patients*; ROBERT VAZZO, *individually and on behalf of his patients*; ALLIANCE FOR THERAPEUTIC CHOICE AND SCIENTIFIC INTEGRITY; AMERICAN ASSOCIATION OF CHRISTIAN COUNSELORS;

Plaintiffs,

v.

Case No. 2:12-cv-02497-KJM-EFB

EDMUND G. BROWN, JR., Governor of State of California, *in his official capacity*, ANNA M. CABALLERO, Secretary of the California Business, Consumer Services, and Housing Agency, *in her official capacity*; AWET KIDANE, Director of California Department of Consumer Affairs, *in his official capacity*,

**COMPLAINT
EXHIBIT B**

Defendants,

and

EQUALITY CALIFORNIA,

Intervenor-Defendants.

October 27, 2014

David H. Pickup, LMFT, et al
16633 Ventura Blvd., Suite 1340
Encino, CA 91436

Christina Wong, LCSW, Chair
California Board of Behavioral Sciences
1625 N Market Blvd., Suite S-200
Sacramento, CA 95834

Dear Ms. Wong,

As you are no doubt aware, the California Association of Marriage and Family Therapists (CAMFT) is the largest body of licensed therapeutic professionals in California. The undersigned CAMFT members represent a group of therapists who are greatly concerned about the professional and legal implications of the state's ban on sexual orientation change efforts (SB1172). Our concerns are expressed below in terms of therapeutic treatment for minor children who through emotional and/or sexual abuse have developed same-sex attractions. They and their parents have come to us requesting help to reduce or eliminate their unwanted homosexual feelings.

The recent passage of SB1172, which prohibits professional treatment for minors distressed by their unwanted same-sex attractions and behaviors, places us in a confusing position. On the one hand the law states: "Any sexual orientation change efforts attempted on a patient under 18 years of age by a mental health provider shall be considered unprofessional conduct and shall subject a mental health provider to discipline by the licensing entity for that mental health provider" (865.2).

The law further states: "Sexual orientation change efforts means any practices by mental health providers that seek to change an individual's sexual orientation. This includes efforts to change behaviors or gender expressions, or to eliminate or reduce sexual or romantic attractions or feelings toward individuals of the same sex."

At the the same time the law states: "Sexual orientation change efforts does not include psychotherapies that: (A) provide acceptance, support and understanding of clients or the facilitation of clients' coping, social support, and identity exploration and development, including sexual orientation-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices and (B) do not seek to change sexual orientation."

The law as written appears to us to have some inconsistency, for which we seek your legal and professional counsel. On the one hand we are not to seek sexual orientation change but at the same time "provide acceptance, support and understanding of clients." How do we provide such acceptance and support to clients who come to us with a desire to reduce their unwanted same-sex attractions and increase opposite-sex attractions when we are at the same time being required by law to tell them we cannot assist them in their goals?  Such a response is unlikely to be experienced by these clients as a supportive and understanding approach to their concerns.

A further concern we have has to do with the potential for spontaneous diminution of same-sex attractions during psychotherapy.  We have occasionally witnessed such changes in the context of interventions not explicitly intended to address sexual orientation, such as those involved in processing affect related to trauma or promoting relational self-efficacy, especially in terms of resolution of gender identity inferiority. We are uncertain whether we could be liable under this law for such spontaneous changes in same-sex attractions should the client decide to report this kind of therapeutic experience as being a violation of SB1172.

We thus believe that this new law places us in a precarious position: while we are committed to client autonomy and self-determination, we do not want to violate California law. It seems reasonable to us that The Board of Behavioral Sciences would be one of the most competent resources and most expert organizations to assist therapists such as ourselves. Therefore, we are asking for guidance from the BBS to assist licensed practitioners in clarifying specifically which therapeutic interventions are acceptable and which are unacceptable for us to employ with these clients as well as the liability we may assume for spontaneous reductions in clients' same-sex attractions.

Sincerely,

David H. Pickup, MA, LMFT (#48780)
Robert L. Vazzo, MMFT, LMFT, (#45530)
Jerry Harris, Ed.D., LMFT (#13966)
Tim Long, MA, LMFT, (#47459)
Thomas Schmierer, MA, LMFT, (#80450)
Bonita DeMartini, MA, LMFT (#43025)
Brian Bensing, MA, LMFT, (#80672)