UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PICKUP, et al., | No. 2:12-cv-02497-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN JR., Governor of the State of California, in his official capacity, et al., | |
| Defendants, | |
| and EQUALITY CALIFORNIA, | |
| Intervenor-Defendant. | |

This matter is before the court on defendants' motion to dismiss plaintiffs' first amended complaint. Mot., ECF No. 129. Equality California (EQCA) joined the motion. ECF No. 130. Plaintiffs oppose, Opp'n, ECF No. 131, and defendants have replied, Reply, ECF No. 132. The matter was submitted as provided by Local Rule 230(g). As explained below, the court GRANTS defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) without leave to amend.

/////

/////

1

I.      PROCEDURAL HISTORY

Plaintiffs filed the original complaint and a motion for a preliminary injunction on October 4, 2012, seeking to enjoin Senate Bill 1172 (SB 1172), enacted as California Business and Professions Code §§ 865, 865.1 and 865.2.  Compl., ECF No. 1; Mot. for Prelim. Inj., ECF No. 3.  SB 1172 prohibits licensed mental health professionals[1] in California from engaging in "sexual orientation change efforts" (SOCE) with persons under the age of eighteen.  Order Granting Mot. to Dismiss at 3.  SOCE includes aversion and nonaversion treatment intended to "change gay men's and lesbians' thought patterns by reframing desires, redirecting thoughts, or using hypnosis, with the goal of changing sexual arousal, behavior, and orientation."  ECF No. 123 (citations omitted).  The court denied plaintiffs' motion for preliminary injunction, because plaintiffs had not established a likelihood of success on the merits of any claim.  *See* Order Denying Prelim. Inj., ECF No. 80.  The court also granted EQCA's request to intervene.  ECF No. 81.

Plaintiffs appealed.  ECF No. 89.  The Ninth Circuit affirmed this court's decision denying plaintiffs' motion for preliminary injunction in a decision consolidated with review of another case from this court.  *Pickup v. Brown*, 740 F.3d 1208, 1236 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 2871 (2014), *and cert. denied sub nom. Welch v. Brown*, 134 S. Ct. 2881 (2014).  Confirming the application of rational basis review, the Ninth Circuit held that SB 1172 did not "violate the free speech rights of SOCE practitioners or minor patients, is neither vague nor overbroad, and does not violate parents' fundamental rights."  *Id.*

Following the Ninth Circuit's decision, this court granted defendants' first motion to dismiss, which also was joined by EQCA.  ECF Nos. 112, 113, 123.  The court granted plaintiffs leave to amend as to their as-applied challenges under claim one, violation of plaintiffs'

---

[1] A mental health professional is defined as a physician and surgeon specializing in the practice of psychiatry, a psychologist, a psychological assistant, intern, or trainee, a licensed marriage and family therapist, a registered marriage and family therapist, intern, or trainee, a licensed educational psychologist, a credentialed school psychologist, a licensed clinical social worker, an associate clinical social worker, a licensed professional clinical counselor, a registered clinical counselor, intern, or trainee, or any other person designated as a mental health professional under California law or regulation.  Cal. Bus. & Prof. Code § 865(a).

First Amendment right to free speech and plaintiff minors' right to receive information, and claim three, plaintiff parents' and minors' First Amendment right to free exercise of religion. Order Granting Mot. to Dismiss, ECF No. 123.

Plaintiffs filed the first amended complaint on October 28, 2015. First Am. Compl. (FAC), ECF No. 126. Defendants filed the instant motion to dismiss on November 25, 2015.

## II. FACTUAL BACKGROUND

The court previously has reviewed the factual background of this case in detail in past orders. The Ninth Circuit's opinion affirming the denial of a preliminary injunction also reviews the facts. *See* ECF Nos. 80, 100, 123. The court briefly reviews the facts as pled in the amended complaint and relevant to the instant motion.

The first amended complaint alleges that SB 1172 violates plaintiffs' rights to free speech and free exercise of religion under the First Amendment. Specifically, plaintiffs allege defendant Governor Brown signed SB 1172 into law on September 29, 2012. FAC ¶ 19. The Governor responsible for executing California law, and is directly responsible for appointing, directing and supervising his cabinet secretaries. FAC ¶ 16.

With respect to the free speech claim, plaintiffs allege SB 1172 is unconstitutionally vague and does not survive strict scrutiny or even rational basis review. FAC ¶¶ 197–209. Under the second claim of right to free exercise of religion, plaintiffs allege SB 1172 places a substantial burden on plaintiffs' religious beliefs and does not survive strict scrutiny review. FAC ¶¶ 212–227. Specifically, defendants' application of SB 1172 has a chilling effect on plaintiff Pickup's counseling in California, FAC ¶ 93, and as applied and enforced, SB 1172 prohibits plaintiffs, from exercising their religious beliefs to help others by making SOCE counseling illegal. *See, e.g.*, FAC ¶¶ 93, 114, 134, 146, 158, 172.

Plaintiffs further allege they requested clarification from the California Board of Behavior Sciences (BBS), a division of defendant Secretary Cabellero's Business, Consumer Affairs, and Housing Agency, regarding the specific application and enforcement of SB 1172. FAC ¶ 174. Specifically, plaintiffs allege they wrote to inquire how they can "provide such

acceptance and support to clients who come to us with a desire to reduce their unwanted same-sex attractions and increase opposite-sex attractions when we are at the same time being required by law to tell them we cannot assist them in their goals?" FAC ¶ 176.  In its response letter, BBS stated, in relevant part, that SB 1172 "prohibits a California mental health provider from engaging in sexual orientation change efforts with any patient under the age of 18 years old." FAC, Ex. C, ECF No. 126-3 at 2.  The letter further stated that courts have "upheld the provisions of [SB] 1172.  Therefore, the law is now in effect and applicable to all California mental health providers." *Id.*

III.   LEGAL STANDARD

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conclusory or formulaic recitations of a claim's elements do not alone suffice.  *Id.* (quoting *Twombly*, 550 U.S. at 555).

A party may thus move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to

facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127, 1140 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).

IV.     DISCUSSION

Defendants' motion raises two issues: (1) whether defendant Governor Brown is immune from suit under the Eleventh Amendment, and (2) whether plaintiffs have stated viable "as-applied" challenges seeking to vindicate their First Amendment free speech and free exercise rights.

A.     The Eleventh Amendment (All Claims)

Defendants argue Governor Brown is immune from suit under the Eleventh Amendment, because the first amended complaint alleges insufficient facts to establish a specific and direct connection between the Governor and the enforcement of SB 1172. Mot. at 8. In other words, the case falls outside the exception to government official immunity established by *Ex parte Young*, 209 U.S. 123 (1908). *See Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) ("this connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.").

Plaintiffs argue Governor Brown is responsible for executing California law. Although plaintiffs rely heavily on *Eu*, Opp'n at 4–5, this case is distinguishable. In *Eu*, the Ninth Circuit found the defendant officials there not immune under the Eleventh Amendment, because they had specific connections to the challenged statute. 979 F.2d at 704. One official had a duty to appoint judges to any judicial positions newly created under the challenged statute, while the other had a duty to certify subsequent elections for those positions. *Id.* Here, in contrast, Governor Brown has a general overarching duty to execute California law. The first amended complaint is devoid of any factual allegations that Governor Brown has a specific duty to enforce or implement SB 1172 in particular. *See Assoc. des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (Eleventh Amendment immunity applies to Governor where his only connection to statute at issue was general duty to enforce California

5

1  law); *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1019 (N.D. Cal. 2015) (Eleventh Amendment bars
2  plaintiffs' claims against Attorney General because his general duty to enforce California law is
3  insufficient to invoke *Ex parte Young*).

4  Plaintiffs' other allegation, that Governor Brown is directly responsible for
5  appointing, directing and supervising his cabinet secretaries including Secretary Caballero, who
6  interprets, applies, and enforces SB 1172, is similarly insufficient. Governor Brown has a general
7  duty to appoint, direct, and supervise all of his cabinet secretaries. Plaintiffs present no factual
8  allegations that show Governor Brown's general duty rises to the level of direct enforcement or
9  supervision. *See, e.g.*, *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 846–47 (9th Cir. 2002)
10 (suit barred against Governor and state Secretary of Resources, because they did not have
11 requisite connection to Proposition 4 banning the use of certain traps and poisons to capture or
12 kill wildlife in California; however, the court held Eleventh Amendment did not bar suit against
13 Director of California Department of Fish and Game, who has direct authority over and principal
14 responsibility for enforcing Proposition 4); *cf. Coalition to Defend Affirmative Action v. Brown*,
15 674 F.3d 1128, 1132–35 (9th Cir. 2012) (affirming denial of Eleventh Amendment immunity to
16 President of University of California because he had fairly direct connection to enforcement of
17 challenged statute in that as President he is "duty-bound" to enforce statute as oppose to simply
18 implementing it . . ."the buck stops with" him).

19 Accordingly, the court GRANTS the motion as to defendant Governor Brown.

20  B.  <u>Free Speech and Free Exercise (As-Applied)</u>

21 The court next looks at whether plaintiffs have stated an as-applied challenge
22 under their free speech and free exercise claims, the sole claims advanced in the first amended
23 complaint. After granting defendants' previous motion to dismiss because plaintiffs provided
24 insufficient factual allegations to state a claim, the court allowed plaintiffs to amend the "as-
25 applied" challenges based on plaintiffs' free speech and free exercise claims to include additional
26 factual allegations. The court is unpersuaded that the factual allegations in the first amended
27 complaint are sufficient to state a claim.

28

Defendants argue plaintiffs have not pled an "as-applied" challenge under the free speech or free exercise clauses of the First Amendment, because the first amended complaint "contains no allegations that SB 1172 has been applied or enforced against plaintiffs at all, let alone in an impermissible or selective manner." Mot. at 10.  Defendants further argue that plaintiffs have not alleged any facts to show they intended to continue their practice, and thereby violate the statute. *Id.*  Plaintiffs contend defendants' argument ignores plaintiffs' allegation that they wish to engage in certain practices that are prohibited by SB 1172.  Plaintiffs also argue that "[a] professional need not engage in the prohibited practice and subject himself to the punishment of the challenged law for it to be considered applied against him." Opp'n at 7.  Plaintiffs argue their allegation further reveals defendants' application of SB 1172 "displays hostility towards [p]laintiffs' religious conviction." Opp'n at 10.

An as-applied First Amendment challenge contends that a given statute or regulation is unconstitutional as it has been applied to a plaintiff's particular activity. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 803 & n.22 (1984)); *see also Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d 1084, 1096 (9th Cir. 2010).  Here, plaintiffs provide no factual allegations to demonstrate SB 1172's unconstitutionality as applied to their activities.  In other words, plaintiffs have not pointed to any action by defendants and alleged that defendants applied SB 1172 differently to plaintiffs than to others. *See, e.g.*, *Hoye v. City of Oakland*, 653 F.3d 835, 852 (9th Cir. 2011) (an enforcement policy is not neutral where the city's policy of enforcement distinguishes between speech that facilitates access and speech that discourages access to clinics).  Simply alleging in conclusory fashion that defendants' application of SB 1172 to plaintiffs is hostile is insufficient.  Though plaintiffs allege that they sought clarification with respect to the scope of the statute from defendants but were ignored, unanswered requests for clarification do not amount to unequal enforcement, enforcement at all or differential application by defendants, especially in light of the Ninth Circuit's decision on the scope and application of SB 1172. *Pickup*, 740 F.3d at 1223–24.  Furthermore, defendants did respond to plaintiffs' request, informing them that it would be unlawful to provide SOCE to children under eighteen years old.

7

1   Plaintiffs otherwise provide only broad allegations that echo the facial challenges
2 rejected by the Ninth Circuit. *See id* at 1236 (SB 1172 did not "violate the free speech rights of
3 SOCE practitioners or minor patients, is neither vague nor overbroad, and does not violate
4 parents' fundamental rights.").
5   The court previously has allowed plaintiffs leave to amend to include additional
6 factual allegations in support of their "as-applied" challenges. Nothing before the court suggests
7 plaintiffs could further amend to state a claim. Accordingly, defendants' motion to dismiss is
8 GRANTED without leave to amend.

9 V.   CONCLUSION

10   Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.
11 This order resolves ECF No. 129.  CASE CLOSED.
12   IT IS SO ORDERED.
13 DATED: August 8, 2016.

_____
UNITED STATES DISTRICT JUDGE